

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

WESTERN DIVISION
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

SOUTHERN DIVISION
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

EASTERN DIVISION
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

November 9, 2007

Clerk, United District Court
4290 Edward J. Schwartz
United States Courthouse
940 Front Street
San Diego, CA 92101



**FILED**

NOV 14 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

'07 CV 2181 W    RBB

Re:    Transfer of our Civil Case No.   CV 07-6909-VAP (SH)

Case Title:   Ramon De Leon-Torres v. J.L. Norwood

Dear Sir/Madam:

An order having been made transferring the above-numbered case to your district, we are transmitting herewith our entire original file in the action, together with certified copies of the order and the docket. Please acknowledge receipt of same and indicate below the case number you have assigned to this matter on the enclosed copy of this letter and return it to our office. Thank you for your cooperation.

Very truly yours,

Clerk, U.S. District Court

CELIA ANGLON - REED

By _____
Deputy Clerk

cc:    All counsel of record

======================================================================================

**TO BE COMPLETED BY RECEIVING DISTRICT**

Receipt is acknowledged of the documents described herein and we have assigned this matter case number CV: _____.

Clerk, U.S. District Court

By _____
Deputy Clerk

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

NOV 9 2007

I hereby attest and certify on _____ that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

By _____ Deputy

FILED
CLERK U.S. DISTRICT COURT

NOV - 6 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

RAMON DE LEON-TORRES,

    Petitioner,

    v.

J.L. NORWOOD,

    Respondent.

) Case No. CV 07-6909-VAP (SH)
)
)
) MEMORANDUM AND ORDER
) TRANSFERRING ACTION TO THE
) UNITED STATES DISTRICT COURT
) FOR THE SOUTHERN DISTRICT OF
) CALIFORNIA
)
)
)
)

## I. INTRODUCTION

On October 24, 2007, petitioner, a prisoner in federal custody, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition"), ostensibly pursuant to 28 U.S.C. § 2241. It appears from the face of the Petition that petitioner currently is incarcerated at FCI-Victorville, pursuant to a sentence imposed on April 25, 2005 following petitioner's conviction in the United States District Court for the

1  Southern District of California. (Petition at 1-2). The Petition solely alleges that

2  petitioner was improperly convicted of a crime he did not commit, in violation of the

3  Fifth and Sixth Amendments to the United States Constitution. (See Petition at 3-3d).

4

5                              **II. DISCUSSION**

6      "In general, [28 U.S.C.] § 2255 provides the exclusive procedural mechanism

7  by which a federal prisoner may test the legality of his detention." Lorentsen v.

8  Hood, 223 F.3d 950, 953 (9th Cir. 2001).[1] "Generally, motions to contest the legality

9  of a sentence must be filed under [28 U.S.C.] § 2255 in the sentencing court, while

10  petitions that challenge the manner, location, or conditions of a sentence's execution

11  must be brought pursuant to § 2241 in the custodial court." Hernandez v. Campbell,

12  204 F.3d 861, 864 (9th Cir. 2000); Doganiere v. United States, 914 F.2d 165, 169-70

13  (9th Cir. 1990). A prisoner may proceed under 28 U.S.C. § 2241 if "the remedy by

14  motion [under § 2255] is inadequate or ineffective to test the legality of his

15  detention." 28 U.S.C. § 2255.[2] "Because Congress made a deliberate choice to give

16  jurisdiction over § 2241 petitions and § 2255 motions to different courts, a district

17  court is obligated to determine whether a petition falls under § 2241, pursuant to the

18  savings clause, or under § 2255." Hernandez, supra, 204 F.3d at 866.

19      Here, the Court finds that petitioner's Petition should be construed as a § 2255

20  Petition because petitioner is challenging the legality of his conviction suffered in the

21  _____

22      [1]    Under 28 U.S.C. § 2255:
         "A prisoner in custody under sentence of a court established by Act of
   Congress claiming the right to be released upon the ground that the sentence was
23   imposed in violation of the Constitution or laws of the United States, or that the
   court was without jurisdiction to impose such sentences, or that the sentence was
24   in excess of the maximum authorized by law, or is otherwise subject to collateral
   attack, may move the court which imposed the sentence to vacate, set aside or
25   correct the sentence."
         As the Supreme Court observed in United States v. Addonizio, 442 U.S.
26  178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), the statute "was intended to alleviate
   the burden of habeas corpus petitions filed by federal prisoners in the district of
27  confinement, by providing an equally broad remedy in the more convenient jurisdiction
   of the sentencing court."
28

      [2]    This provision of § 2255 is referred to as the "savings clause."

                                2

1    United States District Court for the Southern District of California.

2        Petitioner filed a § 2255 petition with the United States District Court for the

3    Southern District of California.  On April 26, 2006, the Southern District dismissed

4    that petition.  On October 13, 2006, the Southern District confirmed the dismissal of

5    that petition and denied petitioner's motion to set aside the dismissal order.  (See

6    Petition at 4, Exhibit A).  successive § 2255 petition in the district court of

7    conviction.  (See Petition at 5-6)

8        Since petitioner has not presented the claim alleged in the Petition herein to the

9    Ninth Circuit Court of Appeals, petitioner has failed to show that § 2255 is an

10    inadequate or ineffective remedy.  See Hernandez, supra; Moore v. Reno, 185 F.3d

11    1054, 1055 (9th Cir. 1999), cert. denied, 528 U.S. 1178 (2000).  Moreover, the fact

12    that petitioner may be procedurally barred from alleging his present claim in a § 2255

13    motion in the United States District Court for the Southern District of California  (see

14    United States v. Thiele, 314 F.3d 399, 401 (9th Cir. 2002)) does not render the

15    remedy of a § 2255 motion "inadequate or ineffective."  See e.g., Ivy v. Pontesso, 329

16    F.3d 1057, 1059-60 (9th Cir.), cert. denied, 540 U.S. 1051 (2003); Moore v. Reno,

17    supra.

18        Accordingly, the United States District Court for the Central District of

19    California does not have jurisdiction over the Petition.  To cure want of jurisdiction,

20    the Petition should be transferred to the United States District Court for the Southern

21    District of California pursuant to 28 U.S.C. § 1631.  See Hernandez, supra, 204 F.3d

22    at 865 n.6.

23

24

25

26

27

28

# III. **ORDER**

For the foregoing reasons, the Petition is transferred to the United States District Court for the Southern District of California for appropriate disposition.

DATED: 11/0/07

VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

Presented by:
Dated: _____, 2007

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

4

194, CLOSED, TRANSFERRED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:07-cv-06909-VAP-SH
### Internal Use Only

| | |
|---|---|
| De Leon-Torres v. J L Norwood | Date Filed: 10/24/2007 |
| Assigned to: Judge Virginia A. Phillips | Date Terminated: 11/08/2007 |
| Referred to: Magistrate Judge Stephen J. Hillman | Jury Demand: None |
| Cause: 28:2241 Motion to Extend Time to File 28:2241 | Nature of Suit: 530 Habeas Corpus (General) |
| | Jurisdiction: U.S. Government Defendant |

**Petitioner**

**Ramon De Leon-Torres**    represented by    **Ramon De Leon-Torres**
REG 92823-198
VICTORVILLE
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 5500
ADELANTO, CA 92301
PRO SE

I hereby attest and certify on NOV 9 2007 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

By _____ Deputy

0109

V.

**Respondent**

**J L Norwood**    represented by    **Assistant US Attorney LA-CV**
AUSA - Office of US Attorney
Civil Division
300 N Los Angeles St, Ste 7516

Los Angeles, CA 90012
213-894-2434
Email:
USACAC.Civil@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/24/2007 | ❸1 | PETITION for Writ of Habeas Corpus by a Person In Federal Custody (28:2241) Case assigned to Judge Virginia A. Phillips and referred to Magistrate Judge Stephen J. Hillman.(Filing fee $ 5 Due), filed by petitioner Ramon De Leon-Torres.(rrey) (Entered: 10/31/2007) |
| 10/24/2007 | ❸2 | NOTICE OF REFERENCE TO A U.S. MAGISTRATE JUDGE. Pursuant to the provisions of the Local Rules, the within action has been assigned to the calendar of Judge Virginia A. Phillips and referred to Magistrate Judge Stephen J. Hillman to consider preliminary matters and conduct all further matters as appropriate. The Court must be notified within 15 days of any change of address. (rrey) (Entered: 10/31/2007) |
| 11/08/2007 | ❸3 | MEMORANDUM AND ORDER by Judge Virginia A. Phillips transferring case to Southern District of California. Original file, certified copy of the transfer order and docket sheet sent. (Made JS-6. Case Terminated.) (ca) (Entered: 11/08/2007) |
| 11/09/2007 | ❸ | TRANSMITTAL of documents to the E/D of California. All original documents except the Order of transfer which is retained; certified copies of order and docket sheet, letter of transfer. (ca) (Entered: 11/09/2007) |

FILED
CLERK, U.S. DISTRICT COURT

OCT 2 4 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | CASE NUMBER |
|---|---|---|
| **RAMON DE LEON-TORRES** | | |
| | PLAINTIFF(S) | **CV07- 6909 VAP (SH)** |
| V. | | |
| **J.L. NORWOOD** | | **NOTICE OF REFERENCE TO A UNITED STATES MAGISTRATE JUDGE** (Petition for Writ of Habeas Corpus) |
| | DEFENDANT(S) | |

Pursuant to General Order 07-02, the within action has been assigned to the calendar of the Honorable Virginia A. Phillips, U.S. District Judge. Pursuant to General Order 05-07, the within action is referred to U.S. Magistrate Judge Stephen J. Hillman, who is authorized to consider preliminary matters and conduct all further hearings as may be appropriate or necessary. Thereafter, unless the Magistrate Judge determines that an evidentiary hearing is required, the Magistrate Judge shall prepare a report and recommendation and file it with the Clerk of the Court which may include proposed findings of fact and conclusions of law where necessary or appropriate, and may include a proposed written order or judgment, which shall be mailed to the parties for objections.

Pleadings and all other matters to be called to the Magistrate Judge's attention shall be formally submitted through the Clerk of the Court.

The Court must be notified within fifteen (15) days of any address change. If mail directed by the clerk to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writing within fifteen (15) days thereafter of your current address, the Court may dismiss the petition with or without prejudice for want of prosecution.

Clerk, U.S. District Court

_____
October 24, 2007
Date

By    LHORN
_____
Deputy Clerk

DOCKETED ON CM

OCT 3 1 2007

BY                    019

②



SHERRI R. CARTER
District Court Executive
and Clerk of Court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8 Los
Angeles, CA 90012
Tel: (213) 894-7984

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Wednesday, October 24, 2007

RAMON DE LEON-TORRES, REG. # 92823-198
U.S.P. - VICTORVILLE
P.O. BOX 5500
ADELANTO, CA  92301

Dear Sir/Madam:

A [X] Petition for Writ of Habeas Corpus was filed today on your behalf and assigned civil case number
     CV07- 6909 VAP (SH)

A [ ] Motion pursuant to Title 28, United States Code, Section 2255, was filed today in criminal case
     number                and also assigned the civil case number

Please refer to these case numbers in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:

[ ] District Court Judge _____

[X] Magistrate Judge _____**Stephen J. Hillman**_____

at the following address:

[X] U.S. District Court          [ ] Ronald Reagan Federal          [ ] U.S. District Court
    312 N. Spring Street             Building and U.S. Courthouse        3470 Twelfth Street
    Civil Section, Room G-8          411 West Fourth St., Suite 1053     Room 134
    Los Angeles, CA  90012           Santa Ana, CA  92701-4516           Riverside, CA 92501
                                     (714) 338-4750

The Court must be notified within fifteen (15) days of any address change.  If mail directed to your
address of record is returned undelivered by the Post Office, and if the Court and opposing counsel
are not notified in writing within fifteen (15) days thereafter of your current address, the Court may
dismiss the case with or without prejudice for want of prosecution.

Very truly yours,

Clerk, U.S. District Court

LHORN
By: _____

Deputy Clerk

---

CV-17 (01/01)          **LETTER re FILING H/C PETITION or 28/2255 MOTION**



**SHERRI R. CARTER**
District Court Executive
and Clerk of Court

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION
312 North Spring Street, Room G-8  Los
Angeles, CA  90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Wednesday, October 24, 2007

RAMON DE LEON-TORRES, REG. # 92823-198
U.S.P. - VICTORVILLE
P.O. BOX 5500
ADELANTO, CA  92301

Dear Sir/Madam:

Your petition has been filed and assigned civil case number      CV07- 6909 VAP (SH)

Upon the submission of your petition, it was noted that the following discrepencies exist:

[X] 1. You did not pay the appropriate filing fee of $5.00.  Submit a cashier's check, certified bank
check, business or corporate check, government issued check, or money order drawn on a major
American bank or the United States Postal Service payable to 'Clerk U.S. District Court'.  If
you are unable to pay the entire filing fee at this time, you must sign and complete this
court's Prisoner's Declaration In Support of Request to Proceed In Forma Pauperis in its
entirety.  The Clerk's Office will also accept credit cards (Mastercard, Visa, Discover,
American Express) for filing fees and miscellaneous fees.  Credit card payments may be made at
all payment windows where receipts are issued.

[X] 2. The Declaration in Support of Request to Proceed in Forma Pauperis is insufficient because:

[ ] (a) You did not sign your Declaration in Support of Request to Proceed in Forma Pauperis.

[ ] (b) Your Declaration in Support of Request to Proceed in Forma Pauperis was not completed in its
entirety.

[X] (c) You did not submit a Certificate of Prisoner's Funds completed and signed by an authorized
officer at the prison.

[ ] (d) You did not use the correct form.  You must submit this court's current Declaration in
Support of Request to Proceed in Forma Pauperis.

[ ] (e) Other: _____

Enclosed you will find this court's current Prisoner's Declaration in Support of Request to Proceed in
Forma Pauperis, which includes a Certificate of Funds in Prisoner's Account Form.

Sincerely,

Clerk, U.S. District Court

LHORN

By: _____

Deputy Clerk

*Fee Due*

Name Ramon DeLeon
_____

Prison Number   92823-198
U.S. Penitentiary, Victorville
P.O. Box 5500
Adelanto, CA 92301
_____
Address or Place of Confinement

FILED
CLERK, U.S. DISTRICT COURT

OCT 2 4 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

Note:  If represented by an attorney, write attorney's name, address & telephone number

---

# *United States District Court*

## DISTRICT OF CALIFORNIA

RAMON DE LEON-TORRES
_____
Full Name (First, Middle, Last)

           Petitioner,

     vs.

J.L. NORWOOD
_____
Name of Warden
(or other authorized person having custody of petitioner)

           Respondent.

CASE NO. CV07-1909 VAP(SH)

(to be supplied by the Clerk of the
United States District Court)

**PETITION FOR
WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241
BY A PERSON IN FEDERAL CUSTODY**

---

PLEASE COMPLETE THE FOLLOWING (check the appropriate number):

This petition concerns:

| | | |
|---|---|---|
| 1. | X | a conviction |
| 2. | X | a sentence |
| 3. | ___ | jail or prison conditions |
| 4. | ___ | prison discipline |
| 5. | ___ | a parole problem |
| 6. | ___ | other |

**CAUTION:**  If you are attacking a federal conviction,
sentence or judgment, you must
first file a direct appeal or motion under
28 U.S.C. § 2255 in the federal court which
entered judgment.

DOCKETED ON CM

OCT 3 1 2007

BY                     019

LODGED
CLERK, U.S. DISTRICT COURT

SEP 2 0 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# PETITION

(1)    Place of detention: United States Penitentiary - Victorville California

(2)    Name and location of court which imposed sentence: U.S. District Court for the Southern District of California (San Diego)

(3)    Offense(s) and indictment number(s) (if known) for the sentence imposed: 8 U.S.C. § 1325 Count 1, Illegal Entry into United States ( Misdemeanor); 8 U.S.C. § 1325, Count 2, Re-Entry into the United States (Felony) Case No. 04-CR-2898-LAB; 05-CV-2074-LAB (8 U.S.C. § 1326 (count 3,) Felony

(4)    The date the sentence was imposed and the terms of the sentence: April 25, 2005 24-months Count 1; and 24-months Count 2 and 6-months Count 3.

(5)    What was your plea (check one):    Not guilty ( )    Guilty (X)    Nolo contendere ( )

(6)    Kind of trial (check one):    Jury ( )    Judge only ( )    N/A

(7)    Did you appeal from the judgment of conviction or the imposition of sentence:    Yes ( )    No (X)

(8)    If you did appeal, answer the following for *each* appeal:    N/A

FIRST APPEAL:
Name of court:_____ N/A
Grounds raised (list each):
    1)  _____
    2)  _____

Result/Date of result:_____

SECOND APPEAL:
Name of court:_____ N/A
Grounds raised (list each):
    1)  _____
    2)  _____

Result/Date of result:_____

## GROUNDS FOR THIS 28 U.S.C. § 2241 PETITION

(9)    State *CONCISELY* every ground on which you claim that your sentence is being executed in an illegal manner.  Summarize *briefly* the *facts* supporting each ground

**CAUTION:**    If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

→ GROUND ONE  Violation of Fifth and Sixth Amendments to U.S. Constitution as a result being convicted and sentenced for a crime I did and could not have been committed due to incarceration.

Supporting *FACTS* for *GROUND ONE* (tell your story *BRIEFLY* without citing cases or law).

> **CAUTION:**  You must state *facts, not conclusions,* in support of your grounds. A rule of thumb to follow is -- who did exactly what to violate your rights at what time or place.

On or about October 12, 2004, I was charged in federal court with violating 8 U.S.C. § 1326, Re-Entry to the United States. The basis of the charge was that I had already been deported for my original entry on or about January 1999 (Count of the federal superseding Indictment. Accordingly, I was thereafter deported as a result of this misdemeanor. On or about May 2004, I was deported

(cont. on page 3a)

→ **GROUND TWO** _____

_____

Supporting *FACTS* for *GROUND TWO* (tell your story *BRIEFLY* without citing cases or law).

_____
_____
_____
_____
_____
_____

## ADMINISTRATIVE APPEALS

(10)  Have you presented the claims raised in Question #9 of this petition to prison officials in a prison administrations appeal?

Yes ( )     No (x )  If your answer is no, explain why not: The claim presented is that unconstituional State action used to enhance sentence in federal court. If your answer is yes, answer the following for *each* administrative appeal:

FIRST ADMINISTRATIVE APPEAL          Level of appeal:_____
Grounds raised (list each):
    1) _____
    2) _____
Result/Date of result:_____

SECOND ADMINISTRATIVE APPEAL          Level of appeal:_____
Grounds raised (list each):
    1) _____
    2) _____
Result/Date of result_____

back to Mexico after serving my State sentence imposed as a result of being convicted in State Court for Assault With a Deadly Weapon.

Subsequently thereafter I was arrested at the Mexico-United States border for "illegal entry" in violation of 8 U.S.C. § 1325 (attempt) and not "re-entry" in violation of 8 U.S.C. § 1326.

It is from this foundation of factual information that I assert that I have been denied due process and equal protection of the law in violation of the Fifth and Sixth Amendments to the United States Constitution. Although the underlying facts are a bit confusing, does not mean that an "non-existent"conviction didn't enhance his present federal sentence.

The fact is that at the time I was deported for the misdemeanor, in 1999, I have only re-enterd the United States once and that was in 1999. The Government concedes that they were wrong in pleading to this Court that I again re-entered the United States and was not incarcerated in August 2002 as I have complained of since I was arrested attempting to re-enter the United States on or about October 9, 2004. Thus as I have claimed all along, that I received a consecutive sentence of 24-months for re-entering the United States in or about Agust in 2002.

The Government had conceded that they were wrong alleging that I was not incarcerated back in August 2002. The District Court Judge, Honorable Larry Alan Burns, sitting for the United States District Court for the Southern District of California, stated in his ORDER dated October 12, 2006 where the Judge dismissed my § 2255 motion, that it was true that I pleaded guilty to a charge that didn't happen, and worse, that I received a consecutive setence of 24-months to run consecutively with my sentence in Count 3.

-3a-

In the Court's Order dated October 12, 2006 dismissing my § 2255 motion, Judge Burns rules that because I allowed the Court to impose a consecutive 24-month sentence with my attorney at my side, that the 24-month sentence for an offense that Government and Judge Burns concedes did not happen, that his attorney Antonio F. Yoon, that the evidence is lacking to fine that Mr. Yoon was ineffective in his representation of my case. That because I waited so long to raise the claim in this Court in my §2255 motion, that it's okay for a man to be severally punished for a crime he did not commit. It appears to me that in this case - in for a penny, in for a pound. It appears to me that the Government, the Court, and my so-called attorney, knew or should of known that the August 2002 re-entry never happend, that the fact in 2004 when I did re-enter the United States and for which offense I was sentenced to in Count Three of the Indictment to 24-months consecutive to the 24-months I was sentinced to on Count Two, an offense that the Government admits that never occurred.

On page 3 of the District Court Order by Judge Larry Burns, he also concedes that it was impossible for me to have rentered the United States in August of 2002 because I was in fact still incarcerated in the San Bernardino County Jail. Yet, Judge Burns in his Order dismissing my § 22-55 motion implies that because I stated at the time of my Change of Plea hearing that my attorney told me to agree to the August 2002 offense and that he, Mr. Yoon, said he would come out to the jail to see me to explain why it was necessary to admit to an offense I never committed. Also at that time I was advised to sign the plea agreement, I could not read English and there was no interpreter present at the time that Mr. Yoon told me to sign.

-3b-

From Judge Burn's Order dated October 12, 2006, he rules that it doesn't matter whether I committed the offense alleged to have occurred in August 2002 because by signing the plea agreement I could not read at the time, that I can be convicted for an offense I never committed and thus sentenced to a "consecutive sentence of 24-more months for a crime I never committed", renders the sentence illegal and casts strong doubt on whether the Court had jurisdiction to impose any sentence for Count Two contrary to Judge Burn's contention without supporting case law.

It is also stated and argues by Judge Burns in his Order that although a claim of actual innocence by a defendant can excuse certain procedural defaults (as in my case), yet in my cases, it doesn't matter whether I was clearly innocent of the August 2002 allegation. The fact that my attorney had me plead guilty (a fact that Judge Burn states not only renders my plea legal, but also fails to support of my claim that my counsel, Mr. Yoon, was ineffective. Even if the Government's contention and Judge Burns statement that Mr. Yoon wasn't ineffective for having me plead guilty to Count Two (a fact that Judge Burns now says in his October 12, 2006 Order that the Government characterizes as "perjury"), even though Judge Burns states on Page 4, Lines 22-26 that:

> "[T]he court finds an evidentiary
> hearing is not necessary to resolve the
> the legal issues presented, now that the
> factual basis of Petitioner's "actual in-
> nocence" claim is established.(emphasis
> added).

The fact that Judge Burns admits that I am "actualy innocent" of Count Two, he excuses it while ignoring the fact that my sentence in at least Count Two is illegal as a hole, or at least to Count Two where the Court didn't have jurisdiction do to the grounds Judge Burns admits

-3c-

proves that I am innocent of Count 2.  Regardless of what grounds that are alleged against me, I contend that (1) I am innocent of Count Two; (2) That i have suffered actual prejudice by being sentenced to 24-months consecutive for a crime I didn't commit; and (3) That the District Court lacked jurisdiction for Count Two and renders my sentence illegal which excuses any alleged procedural default found in part by Judge Burns October 12, 2006 Order.

WHEREFORE, I, Ramon DeLeon, prays that this Honorable Court grant him his Petitioner for Writ of Habeas Corpus pursuant to 28 U.S.C. § 22-41 and Order my immediate release from custody on the fact that I have already served the full sentences imposed on Count One and Count Three.

Signed and Dated this _18_ day of _September_. 2007.

Respectfully Submitted,

Ramon DeLeon
Fed. Reg. No. 92823-198
United States Penitentiary, Victorville
P.O. Box 5500
Adelanto, CA 92301

-3d-

THIRD ADMINISTRATIVE APPEAL          Level of appeal:_____
Grounds raised (list each):
    1)    _____
    2)    _____
Result/Date of result:_____

FOURTH ADMINISTRATIVE APPEAL          Level of appeal:_____
Grounds raised (list each):
    1)    _____
    2)    _____
Result/Date of result:_____

(11)    Is the grievance process completed?    Yes ( )      No ( )

## PREVIOUS PETITIONS

(12)    Have you filed previous petitions for habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2255, or any other applications, petitions or motions with respect to the claims raised in Question #9 of this petition?

    Yes (X)      No ( )

(13)    If your answer to Question #12 was yes, give the following information for *each* previous petition:

FIRST PREVIOUS PETITION
Name of court: U.S. District Court - Southern Dist. of California
Nature of proceeding: 28 U.S.C. § 2255.
Grounds raised (list each):
    1)    That District Court erred in counting a previous al-
    2)    leged no-existant conviction to enhance sentence.
Result/Date of result: April 26, 2006

SECOND PREVIOUS PETITION
Name of court:_____ None.
Nature of proceeding:_____
Grounds raised (list each):
    1)    _____
    2)    _____
Result/Date of result:_____

(14)    If the claims raised in Question #9 of this petition concern your conviction or sentence, explain why you are filing your petition pursuant to § 2241 instead of § 2255. As stated herein, I have already filed a § 2255 motion but in which I was obstructed from a fair shot when the District Court accepted a declaration by a California Department of Corrects ("DOC") as to facts in dispute and also was denied an evidentiary hearing to prove facts not in evidence, in denying my § 2255 motion. Thus even though I filed a § 2255 motion, I was denied an unobtructed procedural shot in determining the issue in the District Court.

(15)    Are you presently represented by counsel?

Yes ( )            No ( X )

If so, provide your attorney's name, address, and telephone number:

N/A

_____

(16)    If you are seeking leave to proceed *in forma pauperis*, have you completed the application setting forth the required information?

Yes ( X )        No ( X )   Not for purpose of $5.00 filing fee

Note: If your answer is no, you must send a $5.00 filing fee to the court with your petition.

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

09/18/07
(Date)

_____
(Signature of Attorney, if any)

_____
(Signature of Petitioner)
Ramon De Leon Torres
Fed. Reg. No. 92823-198
U.S. Pentitentiary - Victorville
P.O. Box 5500
Adelanto, CA 92301

## CERTIFICATE OF SERVICE

I, Ramon DeLeon, hereby certifies and declares pursunt to 28 U.S.C. § 1746, that I deposted a true and Correct copy of the foregoing Petition for Writ of Habeas Corpus in the United States Mailroom located at the U.S. Penitentiary in Victorville California, postage prepaid and addressed to:

Carol C. Lam
United States Attorney
Christopher R McFadden
Assistant U.S. Attorney
United States Attorney's Office
Federal Office Building
880 Front Street #6293
San Diego, CA 92101-8893

Ramon DeLeon

-5a-

*Last*

FILED

2006 OCT 13  PM 3: 22

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON DE LEON-TORRES,<br><br>                              Petitioner,<br><br>         vs.<br><br>UNITED STATES OF AMERICA,<br><br>                              Respondent. | CASE NO. 05CV2074-LAB<br>[Related Case No. 04cr2898-LAB]<br><br>**ORDER CONFIRMING<br>DISMISSAL OF HABEAS<br>PETITION, AND DENYING<br>MOTION TO SET ASIDE ORDER<br>OF DISMISSAL**<br><br>[Dkt No. 32] |

  Petitioner Ramon De Leon-Torres, proceeding *pro se*, filed for 28 U.S.C. § 2255 habeas relief in A Motion To Vacate, Set Aside, Or Correct Sentence ("Petition"). He seeks a "correction" of his April 2005 sentence following his guilty plea in 04cr2898-LAB to three counts of immigration violations.[1]  At the time of his plea and sentencing, he received the benefit of a negotiated plea agreement that eliminated an 8 U.S.C. § 1326 charge and recommended a 48 month sentence, instead of the statutory maximum of twenty years with an advisory guideline sentence of 77 to 96 months he

---

  [1] The sequence of the charges was modified at the plea hearing to provide chronological order. "THE COURT: . . . Mr. Deleon, just to make it clear for you, in the sequence of events the information now being amended as a superseding information will charge you in Count 1 with illegal entry in January of 1999, in Count 2 with illegal entry in August of 2002, having previously committed that crime. And then Count 3, illegal entry in October of this year, having previously entered into the United States unlawfully." Dkt No. 31, Exh. 1, 5:17-24.

( EXHIBIT (A) )

1  otherwise faced. Dkt No. 31, 6:15-18. He contends for the first time in his Petition he was in state

2  custody on the August 1, 2002 date of one of the illegal entry offenses for which he was sentenced,

3  making it impossible for him to have committed that crime. Claiming "actual innocence," he now

4  seeks habeas relief to correct his sentence. He states:

5         One of these [federal] counts I was already serving time in state prison
       from Sept. 12, 2001 to May 20, 2004 on San Luis Obispo Mens Colony

6         and feds give me 24 months more for a il[l]egal entry that I never
       commit (08-01-2002) because I was i[n]car[cerated].

7  Pet. p. 5.

8        Petitioner contends he did not appeal his conviction or sentence "because being an il[l]egal I

9  did not understand the appeal or motions or what is me[a]nt by any of this I was in state prison on one

10  of these counts alre[a]dy," Pet. p. 5. His averment ignores his express acknowledgment on the record

11  at his plea hearing he knew he was relinquishing, among other things, all appeal rights by pleading

12  guilty, as explained in the written Plea Agreement he executed and on the record by the judge taking

13  his plea. Dkt No. 31, Exh. 1, 11:2-16.

14        After reviewing the Petition, this court ordered the government to contact appropriate state

15  authorities to confirm or dispel Petitioner's contention he was incarcerated in August 2002, and also

16  to brief the narrow issue whether waiver of a claim of "actual innocence" is subsumed in connection

17  with a plea bargain and guilty plea containing express waivers of appeal and collateral attack. Dkt No.

18  26. The government responded with the results of an inquiry to the State of California Department

19  of Corrections and Rehabilitation purporting to substantiate Petitioner was not incarcerated in August

20  2002. Those records suggest he was on parole from about August 27, 2000 through about

21  November 7, 2002, so that it would not have been impossible for him to have illegally reentered the

22  United States from Mexico as charged, purportedly defeating Petitioner's "actual innocence" claim.

23  Dkt No. 27. The government also provided authority in support of its contention Petitioner's waiver

24  of collateral attack is valid, urging the court to find no evidentiary hearing is necessary. A section

25  2255 petitioner is not entitled to a hearing if the motion and the files and records of the case

26  conclusively show that the prisoner is entitled to no relief.

27        By Order entered April 26, 2006, the court dismissed the 28 U.S.C. § 2255 Petition with

28  prejudice on the strength of the government's additional briefing and Petitioner's waivers, among other

1   things. Dkt No. 28. The court found it unnecessary to reach the issue of any exception to waiver in

2   instances of actual innocence on that record, noting the only exception to enforcement of a waiver in

3   the usual circumstances is when ineffective assistance of counsel caused **the waiver itself** to be not

4   voluntary. *See* Washington v. Lampert, 422 F.3d 864 (9th Cir. 2005), *cert. denied*, -- U.S. --, 126 S.Ct.

5   1778 (2006). The Petitioner does not state any ineffective assistance of counsel ("IAC") ground for

6   relief associated with the plea agreement or the waivers. His only allusion to attorneys in his Petition

7   appears in his explanation why he did not appeal or raise the issue: "I did not fully understand what

8   was happening and I did not have an attorney to explain it *after I was sentenced*." Dkt No. 25, p. 6

9   (emphasis added). However, the critical time period for an IAC claim is *before* sentencing.

10          On May 15, 2006, Petitioner filed a "Response to the Government's Response to Court's Order

11  Re Briefing." Dkt No. 29. Although he had previously referred to "state" detention, Petitioner

12  substantiated with exhibits that he had in fact been arrested by San Bernardino County sheriffs on

13  September 12, 2001, and remained detained until after his November 1, 2002 sentencing in connection

14  with that arrest. He could not have committed an illegally entry into the United States in August 2002,

15  despite his guilty plea to that crime. Petitioner's Response advanced a new theory, urging the court

16  to find his waiver of collateral attack is invalid and to "liberally constru[e]" the Petition to "find that

17  Petitioner is claiming **ineffective assistance of counsel in advising him to plead guilty to crime that**

18  **he did not commit.**" Dkt No. 29 5:1-3 (emphasis added).

19          By Order entered May 16, 2006, the court directed the government to substantiate definitively,

20  with competent evidence, the meaning of its prior exhibits with respect to Petitioner's custody status

21  in August 2002, and to respond to Petitioner's Response to the Government's Response. Dkt No. 30.

22  The court indicated it would thereafter issue an Order confirming dismissal of the 28 U.S.C. § 2255

23  Petition or reopening the matter.

24          The government's May 31, 2006 response reports the results of its additional investigation. The

25  government now concedes and stipulates: "Petitioner was in custody at the San Bernardino County

26

27

28

1   Jail from September 12, 2001 through November 7, 2002."[2]   Dkt No. 31 1:18-20, 3:21-27.   The

2   government nevertheless contends dismissal of the Petition with prejudice is still appropriate on

3   grounds: (1) Petitioner cannot satisfy the "actual innocence" test because he cannot show he is

4   innocent of both the charged offense (*i.e.*, illegal entry in violation of 8 U.S.C. § 1325) as well as the

5   more serious offense that the government agreed not to charge as part of the plea agreement (*i.e.*, 8

6   U.S.C. § 1326); and (2) he cannot satisfy the "miscarriage of justice" test because he cannot show his

7   trial attorney provided ineffective assistance of counsel in securing a 48-month sentence rather than

8   the 77 to 96 month sentence Petitioner faced if he was convicted of the re-entry charge the government

9   dismissed as part of the plea bargain.

10         On June 2, 2006, Petitioner filed a document entitled Motion To Set Aside Order Of Dismissal,

11  with an attached Response To Government's Response To Court's Order Re Briefing.   Dkt No. 32.

12  He reiterates his contentions: he could not have committed the August 2002 crime to which he pled

13  guilty; his waiver of collateral attack is purportedly invalid and unenforceable based on IAC of his

14  counsel in "erroneously advis[ing] Petitioner to plead guilty to a crime he never committed" (Response

15  3:8-9), assuming the court reads into his habeas Petition an unstated IAC claim; whether "actual

16  innocence" is subsumed in a plea agreement and guilty plea; and his renewed assertion of entitlement

17  to an evidentiary hearing.   Dkt No. 32.

18         The court construes the government's most recent additional briefing as its points and

19  authorities addressing the questions whether Petitioner should be permitted to pursue habeas relief

20  in these circumstances and whether he is entitled to relief on the merits.   The court construes

21  Petitioner's motion to set aside the Order of Dismissal and his Response to Government's Response

22  as his responsive points and authorities on the merits of those questions.   The court finds an

23  evidentiary hearing is not necessary to resolve the legal issues presented, now that the factual basis of

24  Petitioner's "actual innocence" claim is established.   After review of the facts and circumstances of this

25  case, in consideration of pertinent authority, and for the reasons discussed below, the court

26  **CONFIRMS** its prior dismissal of the habeas Petition.

27

28         [2] The government characterizes Petitioner's agreement that he violated 8 U.S.C. § 1325 in August 2002 as perjury for stating under oath that he unlawfully entered or attempted to enter the United States from Mexico. Dkt No. 31 4:5-8, 8:25-9:1.

05CV2074

1    The fact that Petitioner could not have violated 8 U.S.C. § 1325 in August 2002, the date

2 charged in one of the three counts of the superseding Information, is now undisputed. Petitioner had

3 stated under oath at his disposition hearing in December 2004 he unlawfully entered or attempted to

4 enter the United States from Mexico on three specific occasions, including one date in August 2002.

5 Dkt No. 31, Exh. 1, pp. 12-14. Knowledge of his own incarceration status in August 2002 must be

6 imputed to Petitioner at the time of his guilty plea. Similarly, the plea colloquy demonstrates

7 Petitioner voluntarily chose to accept the negotiated consequences of his plea to all the charged

8 offenses, including waiver of appeal or collateral attack on his conviction or sentence. Dkt No. 31,

9 Exh. 1; see also Dkt No. 31, Exh. 2, "Plea Agreement" executed by Petitioner, at paragraph 9 (stating

10 an express waiver of appeal and collateral attack so long as his actual sentence did not exceed the

11 recited maximum). "[A] voluntary and intelligent plea of guilty made by an accused person, who has

12 been advised by competent counsel, may not be collaterally attacked." Bousley v. United States, 523

13 U.S. 614, 622 (1998), quoting Mabry v. Johnson, 467 U.S. 504, 508 (1984). "And even the

14 voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first

15 challenged on direct review." Id. When a defendant has procedurally defaulted a claim by failing to

16 raise it on direct review, as here, the claim may be raised in a habeas petition only if the defendant can

17 first demonstrate either cause and actual prejudice or actual innocence. Bousley, 523 U.S. at 622. The

18 court finds Petitioner makes no "cause and actual prejudice" showing.

19    The Supreme Court recently discussed the "actual innocence" gateway of Schlup v. Delo, 513

20 U.S. 298 (1995). In House v. Bell, -- U.S. --, 126 S.Ct. 2064 (2006), the Court reaffirmed the Schlup

21 rule that "prisoners asserting innocence as a gateway to defaulted claims must establish that, in light

22 of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty

23 beyond a reasonable doubt.'" House, 126 S.Ct. at 2076-77, quoting Schlup, 513 U.S. at 327. "This

24 formulation, Schlup explains, 'ensures that petitioner's case is truly "extraordinary," while still

25 providing petitioner a meaningful avenue by which to avoid manifest injustice.'" Id. at 2077, quoting

26 Schlup, 513 U.S. at 327; see also McCleskey v. Zant, 499 U.S. 467, 494 (1991). On the facts of this

27 case, however, Petitioner can argue neither "new evidence" (since he indisputably knew he was

28

05CV2074

1  incarcerated at the time of his charged August 2002 illegal reentry)[3] nor a "miscarriage of justice" in

2  his conviction or sentencing, since he pled guilty to an 8 U.S.C. § 1325 offense under the bargained

3  agreement for the 48-month sentence he received in exchange for the dropping of the more serious 8

4  U.S.C. § 1326 offense and a significant drop in his sentencing exposure.  "[W]here the Government

5  has foregone more serious charges in the course of plea bargaining, petitioner's showing of actual

6  innocence must also extend to those charges." Bousley, 523 U.S. at 624; see also Jaramillo v. Stewart,

7  340 F.3d 877, 882 (9th Cir. 2003) (same).  Petitioner has not attempted to show factual innocence of

8  the more serious charges his plea bargain eliminated.

9       Based on Petitioner's failure to establish a constitutional error in his plea, or that such an error

10  "has probably resulted in the conviction of one who is actually innocent" (Bousley, 523 U.S. at 623

11  (citation omitted)) of the more serious crime the government dismissed, he is entitled to no habeas

12  relief.  Petitioner does not contest the strength of the government's proof of his guilt under 8 U.S.C.

13  § 1326 on each element of that offense, even excluding consideration of an alleged illegal entry in

14  August 2002: (1) defendant is an alien (2) who was deported from the United States, and (3) who was

15  thereafter found in the United States without consent of the proper authorities.  On that basis,

16  Petitioner is not entitled to habeas relief, irrespective of his "actual innocence" of the particular

17  8 U.S.C. § 1325 offense alleged to have occurred in August 2002.[4]

18       Petitioner urges the court to bootstrap his actual innocence claim in his Petition into an IAC

19  allegation as the tacit reason he pled guilty to one of the lesser offenses, despite the sentencing benefit

20  he received from dismissal of a more serious offense and despite the demonstrable voluntariness of

21  his plea.  He identifies the purported IAC as "advising [Petitioner] to plead guilty to [a] crime that he

22  did not commit." Pet. Resp. p. 5.  Even were the court to reach that unstated issue, Petitioner does not

23

24  ____
   [3]  If he were to pretend he did not know where he was in August 2002, he must not have informed his attorney he was in jail at that time, precluding the premise of his purported IAC claim.

25  [4]  "In this case, Petitioner was found in the United States, within the Southern District of California,
26  near a café in Dulzura, California on October 9, 2004. . . . During a consensual encounter, and then again after waiving his Fifth Amendment rights, Petitioner admitted being a citizen of Mexico without any immigration
27  documents that would allow him to enter or remain in the United States. . . . A records search revealed an extensive immigration and criminal record, including a prior deportation on May 19, 2004. . . ." Add'l Briefing 7:1-7, with citations to supporting documentation provided as exhibits and citing Dejan v. United States, 208
28  F.3d 682, 686-87 (8th Cir. 2000) (denying relief when petitioner showed innocence on count of conviction but not offense that was dismissed).

05CV2074

1   demonstrate entitlement to relief on that theory. "[A] defendant who pleads guilty upon the advice of

2   counsel may attack *the voluntary and intelligent character of the guilty plea* by showing that the

3   advice he received from counsel was not within the range of competence demanded of attorneys in

4   criminal cases." <u>Washington</u>, 422 F.3d at 872-73 (emphasis added), *citing* <u>Hill v. Lockhart</u>, 474 U.S.

5   52, 58 (1985) (holding the <u>Strickland</u> test for evaluating IAC claims applies to guilty plea challenges

6   based on ineffective assistance of counsel). To prevail on such a claim, Petitioner would have to

7   show: "(1) counsel's representation fell below the range of competence demanded of attorneys in

8   criminal cases, and (2) 'there is a reasonable probability that, but for counsel's errors, he would not

9   have pleaded guilty and would have insisted on going to trial.'" <u>Washington</u>, 422 F.3d at 873, *quoting*

10  <u>Hill</u>, 474 U.S. at (106 S.Ct at 366). This Petitioner attempts no such demonstration.

11          In summary, Petitioner raised no IAC claim. He does not assert he would have insisted on

12  going to trial but for counsel's "error." He does not claim actual innocence of a violation of 8 U.S.C.

13  § 1326, the more serious offense dismissed as part of his plea bargain. He thereby avoided exposure

14  to a greater penalty. The court imputes to Petitioner  full knowledge of the facts of his incarceration

15  history and finds he had every opportunity to decline the plea agreement on that basis or on any other.

16  He does not demonstrate his waiver of appeal or collateral attack on his sentence was unknowing or

17  involuntary. It cannot be said on this record Petitioner was prejudiced by his attorney's conduct, or that

18  he is otherwise entitled to a sentence adjustment through habeas relief.

19          For all the foregoing reasons, **IT IS HEREBY ORDERED** the court's prior Order of dismissal

20  is **CONFIRMED**, and the case is dismissed with prejudice.

21          **IT IS SO ORDERED.**

22  DATED: __10-12-06__

23                                          _____

24                                          **HONORABLE LARRY ALAN BURNS**
                                            United States District Judge

25  cc:   PETITIONER, *PRO SE*
          ALL COUNSEL OF RECORD

26

27

28

- 7 -                                                              05CV2074

**Other Orders/Judgments**
3:04-cr-02898-LAB USA v. DeLeon-Torres **CASE CLOSED on 04/25/2005**

## U.S. District Court

### Southern District of California

Notice of Electronic Filing

The following transaction was received from kaj, entered on 10/17/2006 at 1:45 PM PDT and filed on 10/13/2006

**Case Name:**      USA v. DeLeon-Torres
**Case Number:**    3:04-cr-2898
**Filer:**
**Document Number:** 34

**Docket Text:**
ORDER as to Ramon De Leon-Torres confirming dismissal of habeas petition, denying motion to set aside order of dismissal and dismissing case with prejudice . Signed by Judge Larry Alan Burns on 10/12/06. (kaj)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=10/17/2006] [FileNumber=1305794-0] [1008dadf52b7a8ca9d78eff35713b8c53648e378ac4625825c778df59f8d317dae 7c668a24a829f55faf10dc704398d2fb46ea817e9524734aede6027cbfba3f]]

**3:04-cr-2898-1 Notice will be electronically mailed to:**

U S Attorney CR     Efile.dkt.gc2@usdoj.gov

**3:04-cr-2898-1 Notice will be delivered by other means to:**

Ramon DeLeon-Torres
92823-198
USP Lompoc
US Penitentiary
3901 Klein Boulevard
Lompoc, CA 93436

JS44
(Rev. 07/89)

## CIVIL COVER SHEET

**FILED**

NOV 14 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **Ramon De Leon-Torres** | J L Norwood |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   San Bernardino<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| **Ramon De Leon-Torres**<br>**PO Box 5500**<br>**Adelanto, CA 92301**<br>**Reg # 92823-198** | '07 CV 2181 W RBB |

### II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

### IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

## 28 USC 2241

### V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | **PERSONAL PROPERTY** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 370 Other Fraud | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 371 Truth in Lending | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| | **PERSONAL INJURY** | ☐ 380 Other Personal Property Damage | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury-Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | ☐ 365 Personal Injury - Product Liability | **LABOR** | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | **CIVIL RIGHTS** | ☐ 720 Labor/Mgmt. Relations | | ☐ 950 Constitutionality of State |
| ☐ 230 Rent Lease & Ejectment | ☐ 441 Voting | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | | ☐ 890 Other Statutory Actions |
| ☐ 240 Tort to Land | ☐ 442 Employment | ☐ 740 Railway Labor Act | | |
| ☐ 245 Tort Product Liability | ☐ 443 Housing/Accommodations | ☐ 790 Other Labor Litigation | | |
| ☐ 290 All Other Real Property | ☐ 444 Welfare | ☐ 791 Empl. Ret. Inc. Security Act | | |
| | ☐ 440 Other Civil Rights | **PRISONER PETITIONS** | | |
| | | ☐ 510 Motions to Vacate Sentence Habeas Corpus | | |
| | | ☐ 530 General | | |
| | | ☐ 535 Death Penalty | | |
| | | ☒ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prisoner Conditions | | |

### VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☐ 2 Removal from State Court
- ☐ 3 Remanded from Appelate Court
- ☐ 4 Reinstated or Reopened
- ☒ 5 Transferred from another district (specify) CENTRAL DISTRI
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

### VIII. RELATED CASE(S) IF ANY (See Instructions):    JUDGE                                           Docket Number

| DATE | 11/14/2007 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|---|